**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Amazon Produce Network LLC** | : | **CIVIL ACTION** |
| **800 Ellis Mill Road** | : | |
| **Glassboro, NJ 08028** | : | **NO.** |
| | : | |
| **v.** | : | |
| | : | |
| **Compania Sud America de Vapores S.A.** | : | |
| **99 Wood Avenue, 9th Floor** | : | |
| **Iselin, NJ 08830** | : | |

**COMPLAINT IN ADMIRALTY *IN REM AND IN PERSONAM***

**Parties**

1.      Plaintiff is a corporation with offices and places of business located in Glassboro, New Jersey.

2.      Plaintiff is a shipper and/or receiver/consignee of fruit who regularly imports their product on board ocean vessels arriving in the ports of Philadelphia.

3.      Defendant, Compania Sud Americana de Vapores S.A. ("CSAV") is, on information and belief, a foreign corporation with an office and place of business located at 99 Wood Avenue, 9th Floor, Iselin, NJ 08830.  At all times material hereto, CSAV was the owner, charterer and/or operator of the M/V CSAV LONCOMILLA vessel.

4.      The vessel owned and/or operated by the above defendants have used the ports of the Commonwealth of Pennsylvania discharged and loaded cargo therein, been supplied services and handled therein and are subject to service of process under the applicable rules of law in admiralty practice and the statutes of the Commonwealth of Pennsylvania.

5.      Plaintiff was a shipper, consignee or owner of the cargo described more further below, and brings this action on its own behalf and as agents and trustees on behalf of and

for the interests of all parties who may be or become interested in said shipment, and cargo as their respective interests may ultimately appear, and plaintiff is duly entitled to maintain this action.

**Jurisdiction and Venue**

6.      Plaintiff  by and through their attorneys, Dugan, Brinkmann, Maginnis and Pace, hereby brings this suit against the defendants under the provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) and the supplemental Admiralty Rules of the Federal Rules of Civil Procedure.  In addition, jurisdiction is invoked pursuant to 28 U.S.C. §1377 as this is an action arising under an Act of Congress regulating commerce, specifically, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.* and the Harder Act of 1893, 46 U.S.C. §§190-196.

7.      Venue lies within the Eastern District of Pennsylvania under the provisions of 28 U.S.C. §1391.

**COUNT I**

8.      In or about October, 2011, in Pecem, Brazil, 5,544 cases of magoes consigned to plaintiff were delivered in good order and condition aboard the M/V CSAV LONCOMILLA for transportation to the United States and delivered to the vessel in Brazil in like good order and condition.

9.      In or about October of 2011, the aforesaid shipment was loaded aboard said vessel and clean on-board bill of lading numbered CHIWVUEBMOK00 and CRLU7239148 were issued, acknowledging receipt on the vessel of the said shipment in good order and condition.

10.     Thereafter, various goods were delivered by the above named defendant to plaintiff, whereupon it was discovered that plaintiff's goods were not in like good order and condition as when received aboard the M/V CSAV LONCOMILLA, but were instead damaged, deteriorated in value and unfit for sale or use.

11.     The aforesaid damage and loss of plaintiff's cargo was the result of breaches by the defendant of its obligations as a common carrier of goods, of breaches by it of the lawful terms and conditions of the bill of lading issued by it.

12.     By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by it and the breaches of the defendants and their obligations as common carriers of goods, plaintiff has sustained damage and loss in an amount in excess of Nine Thousand Dollars ($9,000.00).

13.     The aforesaid damage and/or loss of plaintiff's cargo was caused by the unseaworthiness of the vessel and the negligence of the above-named defendants, their agents, servants and employees in:

a.     failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

b.     failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

c.     failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

d.     failing to use proper care under the circumstances; and

e.     other and further particulars which will be shown at the time of trial.

- 3 -

14.     By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of plaintiff's goods and the lack of appropriate stowage aboard the said vessel plaintiff has suffered damages and loss in excess of Nine Thousand Dollars ($9,000.00).

15.     Notice of claim and claim have been filed with the defendants, but they have failed and refused to pay all or any part of the loss which has been sustained by plaintiff.

16.     All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, plaintiff prays that:

1.     Process in the due form of law, according to the practice of this Court issue against the defendant inviting them to appear and answer all and singular the matters aforesaid.

2.     If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the Admiralty Rules in the amount of Nine Thousand Dollars ($9,000.00).

3.     Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V CSAV LONCOMILLA, her engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.     Judgment be entered on behalf of plaintiff and against the defendants plus interest and costs of this action.

- 4 -

     5.       Plaintiff have such other and further relief in the premises and in law and justice as it may be entitled to receive.

DUGAN, BRINKMANN, MAGINNIS AND PACE

BY:           EM871

Eugene J. Maginnis, Jr., Esquire
1880 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA 19103
(215) 563-3500
ATTORNEY FOR PLAINTIFF

Dated: December 13, 2012

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Amazon Produce Network LLC     :     **CIVIL ACTION NO.:**
                                      :
        v.                             :
                                        :
Compania Sud America de Vapores S.A. :

DISCLOSURE STATEMENT FORM

Please check one box:

■      The nongovernmental corporate party, _____Plaintiff_____ ,
          in the above listed civil action does not have any parent corporation and publicly
          held corporation that owns 10% or more of its stock.

☐      The nongovernmental corporate party, _____,
          in the above listed civil action has the following parent corporation(s) and publicly
          held corporation(s) that owns 10% or more of its stock:

_____

_____

_____

_____

____12/13/12____                   ____EM871_____
       Date                                 Signature

                    Counsel for: _____Plaintiff_____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
      (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a
statement that identifies any parent corporation and any publicly held corporation that owns
10% or more of its stock or states that there is no such corporation.
      (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
      (1)      file the Rule 7.1(a) statement with its first appearance, pleading, petition,
              motion, response, or other request addressed to the court, and
      (2)      promptly file a supplemental statement upon any change in the
              information that the statement requires.